UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NADA BAKOS                                    *
c/o Mark S. Zaid, P.C.                        *
1250 Connecticut Avenue, N.W.                 *
Suite 200                                     *
Washington, D.C. 20036                        *
                                              *
    Plaintiff,                                *
                                              *
v.                                            *    Civil Action No: 18-743
                                              *
CENTRAL INTELLIGENCE AGENCY                   *
Washington, D.C. 20505                        *
                                              *
    Defendant.                                *
*  *  *  *  *  *  *  *  *  *  *  *

## **COMPLAINT**

Plaintiff Nada Bakos ("Bakos") brings this action against defendant Central Intelligence Agency ("CIA") for injunctive and declaratory relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and the First Amendment to the Constitution of the United States.

CIA has unlawfully imposed a prior restraint upon Bakos by obstructing and infringing on her right to publish unclassified information in her manuscript entitled, "*The Targeter: My Life in the CIA on the Hunt for the Godfather of ISIS*" (Hachette Book Group, August 1, 2019)("Manuscript"). It unlawfully required the redaction of information from a myriad of sections throughout the Manuscript. The Manuscript was supposed to be published approximately two years ago but has been delayed particularly due to CIA's bureaucratic slow pace in ensuring all relevant agencies review and clear the Manuscript. Bakos challenges CIA's continuing and unlawful conduct in violation of her right to free speech under the First Amendment of the U.S. Constitution.

## JURISDICTION

1. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 702 and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate in the District under 5 U.S.C. § 703 and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Bakos worked for CIA from July 2000 through July 2010. She is required by virtue of one or more secrecy agreements that she executed to submit all of her writings for prepublication review.[1] She is a citizen of the United States.

4. Defendant CIA is an agency of the United States and subject to the jurisdiction of this Court. CIA's actions have prevented Bakos from publishing portions of her Manuscript. As the last agency to hold Bakos' security clearance, CIA is responsible for ensuring that any and all agencies that review the Manuscript timely and fully complete their review.

## FACTS

5. On October 27, 2015, Bakos submitted her Manuscript to CIA's Publication Review Board ("PRB") for classification review.

6. Bakos' Manuscript details how in 1999, a then 30-year-old woman moved from her lifelong home in Montana to Washington, D.C., to join CIA. Quickly realizing her affinity for intelligence work, Bakos was determined to rise through CIA's ranks, first as an analyst and then as a Targeting Officer, eventually finding herself on the frontline of

America's War against Islamic extremists. In this role, Bakos was charged with finding the godfather of ISIS and mastermind of al Qaida in Iraq: Abu Musab al-Zarqawi. The Manuscript reveals the inner workings of the Agency and the largely hidden world of intelligence gathering post 9/11. Entrenched in CIA's predominantly male world, Bakos belonged to a small yet dedicated sisterhood leading U.S. Special Operations Forces to the doorstep of one of the world's most wanted terrorists. Filled with on-the-ground insights and poignant personal anecdotes, the Manuscript shows the great personal sacrifice that comes with intelligence work. It is Bakos' story, but more importantly it is also an intimate chronicle of how a group of determined, ambitious men and women worked tirelessly in the heart of the CIA to ensure our nation's safety at home and abroad post 9/11.

7. For nearly two years, Bakos patiently waited for a decision by the PRB. Despite offering on more than one occasion to assist the PRB in furthering along the process and expediting its review, Bakos was given no explanation for the delay beyond administrative backlogs at the PRB, the need for consultations with other agencies, especially the Department of Defense, that had equities in the information outlined in, and the alleged complexity of, the Manuscript. Bakos even had to reach out to U.S. Senator Patti Murray (D-WA), as well as other Members of Congress, for assistance in getting the PRB to complete its review.

---

[1] This Complaint was drafted entirely by legal counsel who is not subject at this time in this specific case to any prepublication review requirement, nor was any classified information relied upon or reviewed.

8. By letter dated August 2, 2017, the PRB finally informed Bakos that it had completed its review of her Manuscript. The PRB stated that it had identified "certain material" in her Manuscript that it claimed revealed classified information and that needed to be either revised or deleted prior to publication. The PRB notified Bakos of her right to seek reconsideration of the classification determinations if she desired to do so administratively. There is no legal requirement that an administrative appeal be undertaken.

9. By e-mail dated December 6, 2017, Bakos sought clarification from the PRB about the ability to have an in-person meeting with all relevant stakeholders about the redactions outlined in the PRB's August 2, 2017, letter. The PRB informed Bakos on December 12, 2017, that only the CIA was willing to participate in such a meeting. No meeting ever occurred, nor was it required.

### FIRST CAUSE OF ACTION
### (FIRST AMENDMENT/DECLARATORY JUDGMENT - RIGHT TO PUBLISH - CLASSIFICATION CHALLENGE)

10. Bakos repeats and realleges the allegations contained in paragraphs 5 through 9 above, inclusive.

11. Bakos properly submitted, pursuant to one or more secrecy agreements, her Manuscript for prepublication review.

12. CIA is legally prohibited from precluding Bakos from publishing anything other than classified information.

14. CIA claims to have identified classified information within the Manuscript and prevented Bakos from publishing those portions regarding which agreement could not be reached as to acceptable modification.

15. CIA has improperly classified information that is, in fact, unclassified. The consequence of this action is to prohibit Bakos from publishing or disseminating any information identified as classified, whether it is or not, as she will be subject to legal action, to include civil and/or criminal penalties.

16. CIA has failed to show that Bakos' First Amendment right to publish is outweighed by the government's interest in efficiently carrying out its mission by minimizing harms that are real, not merely conjecture.

17. CIA has failed to demonstrate the existence of substantial government interests that would enable it to prohibit the publication of unclassified information within Bakos' Manuscript.

18. CIA's restrictions imposed upon Bakos have been unduly vague and were not narrowly confined to avoid infringement of his First Amendment rights. It has unnecessarily restricted unclassified speech that does not serve to protect any substantial government interest.

19. Most importantly, CIA, notwithstanding the fact that other agencies, to include but not limited to the Department of Defense, have required some of the redactions, has failed to provide explanations with reasonable specificity that demonstrates a logical connection between the information to be deleted and any reason for classification. Thus, it cannot support the attempt to censor text within Bakos' Manuscript.

20. Because CIA has impermissibly infringed upon Bakos' right to publish unclassified information in her Manuscript it has violated Bakos' First Amendment rights.

21. Bakos desires to include only unclassified information in her Manuscript and all efforts to cooperate with CIA to negotiate an amicable resolution were unsuccessful.

22. Bakos has suffered or may suffer actual adverse and harmful effects, including, but not limited to, possible civil or criminal penalties, and/or lost or jeopardized present or future financial and employment opportunities.

**SECOND CAUSE OF ACTION**
**(FIRST AMENDMENT/DECLARATORY JUDGMENT – LEGAL COUNSEL'S ACCESS TO CLASSIFIED INFORMATION/UNREDACTED MANUSCRIPT)**

23. Bakos repeats and realleges the allegations contained in paragraphs 5 through 9 above, inclusive.

24. In order to be able to fully protect Bakos' First Amendment rights her legal counsel will require access to the alleged classified information that is contained within "*The Targeter: My Life in the CIA on the Hunt for the Godfather of ISIS*". Upon information and belief, the undersigned legal counsel both hold valid and current security clearances that would permit a review of the relevant information.

25. Bakos has a First Amendment right to counsel and to present all arguments to the Court, *in camera* if appropriate and/or necessary, for its consideration, as well as to participate in any internal meetings with CIA to discuss any redactions. CIA has previously authorized such participation of counsel. Bakos constitutional rights extend to counsel with the appropriate level of security clearance.

WHEREFORE, plaintiff Nada Bakos requests that the Court award her the following relief:

(1) Permanently enjoin CIA from restraining the publication of any portion of unclassified text within her Manuscript;

(2) Declare that Bakos possesses a First Amendment right to publish any unclassified information that was redacted from her Manuscript;

(3) Declare and find that the redacted text from the Manuscript is unclassified;

(4) Order CIA to permit Bakos' counsel to have proper access, subject to the execution of appropriate non-disclosure secrecy agreements, to any alleged classified information for purposes of litigating this action;

(5) Award Bakos the costs of the action and reasonable attorney fees under the Equal Access to Justice Act or any other applicable law;

(6) Award any appropriate compensation to Bakos for any losses suffered or expenses incurred due to the defendant's actions; and

(7) grant such other relief as the Court may deem just and proper.

Date:   April 2, 2018

                                                Respectfully submitted,

                                                /s/
                                        _____
Mark S. Zaid, Esq.
D.C. Bar #440532
Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Mark@MarkZaid.com
Brad@MarkZaid.com

Attorneys for Plaintiff